Citation Nr: 1406909 
Decision Date: 02/19/14 Archive Date: 03/04/14

DOCKET NO. 08-15 956 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to service connection for a left leg disability, to include as secondary to service-connected osteomyelitis.

2. Entitlement to service connection for a bilateral hip disability, to include as secondary to service-connected osteomyelitis.

3. Entitlement to service connection for residuals of meningitis, to include as secondary to service-connected osteomyelitis.

4. Entitlement to service connection for a forehead lesion, to include as secondary to service-connected osteomyelitis.

5. Entitlement to service connection for a right arm disability, to include as secondary to service-connected osteomyelitis.




REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

B. Elwood, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1974 to July 1976.

These matters come before the Board of Veterans' Appeals (Board) from June and December 2005 rating decisions of the Department of Veterans Affairs (VA) Regional Offices (RO) in Portland, Oregon and Seattle, Washington, respectively. In the June 2005 decision, the RO denied entitlement to service connection for left leg and bilateral hip disabilities. In the December 2005 decision, the RO denied entitlement to service connection for meningitis, a forehead lesion, and a right arm disability. The RO in Portland, Oregon, currently has jurisdiction over the Veteran's claims.

In his June 2006 notice of disagreement, the Veteran requested a hearing before a Decision Review Officer (DRO) at the RO. An informal hearing conference with a DRO was conducted in October 2007 in lieu of a formal hearing and a report of that conference is associated with the Veteran's claims folder. 

In June 2010, the Veteran testified during a hearing at the RO before the undersigned. A transcript of the hearing is of record.

In addition to the paper claims file, there is a Virtual VA paperless claims file associated with the Veteran's claims. The documents in this file have been reviewed and are either duplicative of the evidence in the paper claims file or are irrelevant to the issues on appeal.

During the June 2010 hearing, the Veteran raised the issue of entitlement to service connection for a right knee disability (to include as secondary to service-connected osteomyelitis). This issue has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

Once the Secretary undertakes the effort to provide an examination when developing a service connection claim, even if not statutorily obligated to do so, he must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

In this case, the Veteran claims that he has current left leg, bilateral hip, and right arm disabilities, residuals of meningitis, and a forehead lesion. In his June 2006 notice of disagreement, he contended that such problems began in service and that he has continued to experience left leg problems in the years since service. In the alternative, he contends that the claimed disabilities are related to his service-connected osteomyelitis.

Service connection for osteomyelitis was granted by the RO in a June 2005 rating decision and currently assigned a 10 percent disability rating.

Disability that is proximately due to or the result of a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310 (2013). The Board also notes that secondary service connection on the basis of aggravation is permitted under 38 C.F.R. § 3.310, and compensation is payable for that degree of aggravation of a non-service- connected disability caused by a service- connected disability. Allen v. Brown , 7 Vet. App. 439 (1995).

A VA examination was conducted by a physician assistant in May 2005 to assess the nature and etiology of the Veteran's claimed left leg disability and the Veteran was diagnosed as having left leg cellulitis. The examiner opined that there was no evidence to indicate that the cellulitis was "associated with anything to do with" the Veteran's service-connected right leg disability (i.e. osteomyelitis) and that it was therefore not likely ("not at least as likely as not") related to his service-connected injury.

The May 2005 opinion is insufficient because it is not accompanied by any specific explanation or reasoning. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (most of the probative value of a medical opinion comes from its reasoning; threshold considerations are whether the person opining is suitably qualified and sufficiently informed).

Also, the May 2005 opinion only essentially addressed whether the Veteran's left leg cellulitis was caused by his service-connected osteomyelitis. However, the examiner did not render an opinion regarding whether the service-connected osteomyelitis aggravated any left leg disorder. 38 C.F.R. § 3.310.

Additionally, the May 2005 examination is inadequate because the examiner did not acknowledge or discuss the Veteran's reports of a continuity of left leg symptomatology in the years since service and did not otherwise provide any opinion as to whether his current left leg disability was directly related to service. See Nieves-Rodriguez, 22 Vet. App. at 295 (an adequate medical opinion must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two); Dalton v. Peake, 21 Vet. App. 23 (2007) (a medical opinion is inadequate if it does not take into account the Veteran's reports of symptoms and history (even if recorded in the course of the examination)).

With respect to the claims of service connection for residuals of meningitis, a forehead lesion, and a right arm disability, an opinion was provided in September 2005 by an infectious disease specialist as to the etiology of these claimed disabilities. However, the Veteran was not afforded in-person VA examinations to determine whether he has any current residuals of meningitis, forehead lesion, or right arm disability, and the evidence is otherwise insufficient to determine whether such he has such current disabilities. Also, the opinion that was provided only pertained to whether the claimed disabilities were caused by the service-connected osteomyelitis and no opinions were provided as to whether the claimed disabilities were aggravated by the service-connected disability or whether they were directly related to service. Id. 

Thus, the Board is of the opinion that the Veteran should be afforded new VA examinations to determine the etiology of any leg, bilateral hip and right arm disabilities, forehead lesion, and meningitis residuals found to be present.

A November 2003 examination report from Tuality Community Hospital (Tuality) indicates that the Veteran received treatment for left leg pain and a lump on his head from Dr. Pitts. There are no treatment records from this physician in the claims file or among the Veteran's paperless records in the Virtual VA system. Also, the most recently dated treatment record from Tuality in the claims file is a December 2003 infectious disease summary which reveals that the Veteran was scheduled for additional treatment at that facility. Efforts should be made to obtain these records. 38 C.F.R. § 3.159(c)(4), (e)(2) (2013).

Also, the Veteran was not provided specific notice of the information and evidence that is necessary to substantiate a claim of service connection on a secondary basis in accordance with the VCAA. Cf. 38 U.S.C.A. § 5103(a) (2013). Therefore, such notice should be provided upon remand.

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran with a VCAA letter that gives him notice of the information and evidence that is required to substantiate a claim of service connection on a secondary basis. 

2. Obtain all medical records regarding the Veteran's treatment by Dr. Pitts, and at Tuality Community Hospital since December 2003, and by any additional VA or non-VA medical provider identified by him. 

If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) (West 2002 & Supp. 2012) and 38 C.F.R. § 3.159(e) (2012). 

3. After completing the development requested above, schedule the Veteran for appropriate VA examinations, i.e., orthopedic (left leg and hip) and infectious disease (residuals of meningitis, forehead lesion, and right arm), performed by physicians with expertise to determine the etiology of any current left leg, bilateral hip, and right arm disabilities, residuals of meningitis and a forehead lesion, found to be present. All indicated tests and studies should be conducted and all clinical findings reported in detail. The claims folder, including this remand and any relevant records contained in the Veteran's electronic files and records obtained pursuant to this remand, should be sent to the examiners for review.

a. Left Leg and Bilateral Hip Disabilities (orthopedic examination) For each current left leg or bilateral hip disability identified (i.e. any hip or left leg disability diagnosed since July 2004, including cellulitis and any left knee disability), the examiner should address the following questions:

i. Is it at least as likely as not (50 percent probability or more) that the current left leg or bilateral hip disability had its onset during service, is related to the Veteran's left leg problems in service, or is otherwise the result of a disease or injury in service?

ii. If not, is it at least as likely as not (50 percent probability or more) that any current left leg or bilateral hip disability was caused (in whole or in part) by the Veteran's service-connected osteomyelitis?

iii. If not, is it at least as likely as not (50 percent probability or more) that any current left leg or bilateral hip disability was aggravated (made chronically worse) by the Veteran's service-connected osteomyelitis? If so, what is the baseline level of left leg or bilateral hip disability and what is the permanent, measurable increase in current left leg and bilateral hip pathology attributable to the service-connected osteomyelitis?

iv. In formulating the above opinions, the examiner should acknowledge and comment on any hip or left leg disability diagnosed since July 2004 (including cellulitis and left knee disability), all instances of treatment for left leg and bilateral hip problems in the Veteran's service treatment records (including the June 1976 treatment for a left lower thigh cyst), and the Veteran's report of a continuity of symptomatology in the years since service. 

b. Residuals of Meningitis, Forehead Lesion, and Right Arm Disability (infectious disease examination). For any current meningitis or its residuals, forehead lesion, or right arm disability identified (or diagnosed since July 2004), the examiner is requested to address the following:

i. Is it at least as likely as not (50 percent probability or more) that the current meningitis or residual of meningitis, forehead lesion, or right arm disability had its onset during service or is otherwise the result of a disease or injury in service?

ii. If not, is it at least as likely as not (50 percent probability or more) that the current meningitis or residual of meningitis, forehead lesion or right arm disability was caused (in whole or in part) by the Veteran's service-connected osteomyelitis?

iii. If not, is it at least as likely as not (50 percent probability or more) that the current meningitis or residual of meningitis, forehead lesion, or right arm disability was aggravated (made chronically worse) by the Veteran's service-connected osteomyelitis? If so, what is the baseline level of meningitis residual, forehead lesion or right arm disability and what is the permanent, measurable increase in current meningitis residual, forehead lesion or right arm disability pathology attributable to the service-connected osteomyelitis?

iv. In formulating the above opinions, the examiner must acknowledge and comment on any meningitis or residual of meningitis, forehead lesion, and right arm disability diagnosed since July 2004 and the Veteran's contention that meningitis, a forehead lesion, and right arm disability had its onset in service. 


c. All Examiners:

i. The examiners should provide reasons for each opinion given. 

ii. The examiners are advised that the Veteran is competent to report his symptoms and history, and such statements by the Veteran must be specifically acknowledged and considered in formulating any opinions. If an examiner rejects the Veteran's reports regarding symptoms, the examiner must provide a reason for doing so. The absence of evidence of treatment for meningitis, a forehead lesion, and left leg, bilateral hip, and right arm disabilities in the Veteran's service treatment records cannot, standing alone, serve as the basis for a negative opinion.

iii. If the examiner determines that he or she cannot provide an opinion without resorting to speculation, the examiner shall explain the inability to provide an opinion, identifying precisely what facts could not be determined. In particular, he or she shall comment on whether an opinion could not be provided because the limits of medical knowledge have been exhausted or whether additional testing or information could be obtained that would lead to a conclusive opinion. (The AOJ shall ensure that any additional evidentiary development suggested by the examiner be undertaken so that a definite opinion can be obtained.)

4. The AOJ should review the examination reports to ensure that they contain the information and opinions requested in this remand and are otherwise complete.

5. If a benefit sought on appeal remains denied, the AOJ shall issue a supplemental statement of the case. After the Veteran is given an opportunity to respond, the case shall be returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
D. J. DRUCKER
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).